UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| OSCAR ROBINSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:06-cv-429-DJS |
|  | ) |  |
| PUBLIC DEFENDERS OF THE | ) |  |
| TWENTY-SECOND JUDICIAL | ) |  |
| CIRCUIT and CIRCUIT ATTORNEYS | ) |  |
| OF THE TWENTY-SECOND | ) |  |
| JUDICIAL CIRCUIT, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Oscar Robinson (registration no. OR00084442), a prisoner at the St. Louis Medium Security Institution, for leave to commence this action without payment of the required filing fee [Doc. 1]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $69.21. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28

U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $59.67 and an average monthly account balance of $346.07. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $69.21, which is 20 percent of applicant's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The

Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks unspecified damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are public defenders of the Twenty-Second Judicial Circuit and circuit attorneys of the Twenty-Second Judicial Circuit. Plaintiff alleges that defendants public defenders have denied him his right to a speedy trial by continuing his criminal case because of their case load and overcrowded court dockets. He also alleges that defendants circuit attorneys sought to prevent him from exercising his right to a jury trial by unethically and vindictively manipulating the decision to charge by indictment or information and the decision to seek enhancements based on prior convictions.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). First, public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The acts complained of - preparing for and scheduling trial and negotiating plea agreements - are within defendants' capacities as public defenders. Therefore, defendants are not liable because, in the circumstances described by plaintiff, they are not acting under color of state law for purposes of § 1983.

Second, circuit attorneys acting in their role as prosecutors are absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and

3

in presenting the state's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 995-96 (1976); *Myers v. Morris*, 810 F.2d 1437, 1448 (8th Cir. 1987). This immunity extends to allegations of vindictive prosecution. *Myers v. Morris*, 810 F.2d at 1446. Because the challenged activities - determining and bringing criminal charges and negotiating plea agreements - are within defendants capacities as circuit attorneys, they are absolutely immune from a civil suit for damages under § 1983.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $69.21 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 31st day of March, 2006.

                /s/Donald J. Stohr
                UNITED STATES DISTRICT JUDGE